UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EDDIE BERNARD CLAY,

                              Plaintiff,

        v.

BISBEE, *et al.*,

                              Defendants.

Case No. 3:20-cv-00122-MMD-WGC

SCREENING ORDER

Plaintiff, who is in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis.* (ECF Nos. 1, 4.) The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

I.      SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's

1  claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails
2  to state a claim on which relief may be granted, or seeks monetary relief against a
3  defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a
4  complaint for failure to state a claim upon which relief can be granted is provided for in
5  Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under
6  § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a
7  court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend
8  the complaint with directions as to curing its deficiencies, unless it is clear from the face
9  of the complaint that the deficiencies could not be cured by amendment. *See Cato v.*
10  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

11      Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See*
12  *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to
13  state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in
14  support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d
15  756, 759 (9th Cir. 1999). In making this determination, the court takes as true all
16  allegations of material fact stated in the complaint, and the court construes them in the
17  light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th
18  Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than
19  formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While
20  the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
21  must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550
22  U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is
23  insufficient. *Id.*

24      Additionally, a reviewing court should "begin by identifying pleadings [allegations]
25  that, because they are no more than mere conclusions, are not entitled to the assumption
26  of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide
27  the framework of a complaint, they must be supported with factual allegations." *Id.* "When
28  there are well-pleaded factual allegations, a court should assume their veracity and then

1   determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining
2   whether a complaint states a plausible claim for relief . . . [is] a context-specific task that
3   requires the reviewing court to draw on its judicial experience and common sense." *Id.*

4          Finally, all or part of a complaint filed by an incarcerated person may therefore be
5   dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact.
6   This includes claims based on legal conclusions that are untenable (e.g., claims against
7   defendants who are immune from suit or claims of infringement of a legal interest which
8   clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,
9   fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989);
10  *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

11  **II.    SCREENING OF COMPLAINT**

12          In his Complaint, Plaintiff sues multiple defendants for events that took place while
13  Plaintiff was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No.
14  1-1 at 1.) Plaintiff sues Defendants Bisbee, Connie Bisbee, Gray, Monterde, and Nevada
15  Parole Commissioners. (*Id.* at 1-2.) Plaintiff alleges three counts and seeks monetary
16  relief. (*Id.* at 3-8.)

17          The complaint alleges the following. In 2003, Plaintiff was convicted and received
18  a sentence of 10-25 years. (*Id.* at 3.) In 2013, Plaintiff was paroled to California. (*Id.*) In
19  March 2014, Plaintiff was arrested for carrying a concealed weapon. (*Id.* at 4.) Plaintiff
20  paid his bail before a parole hold was placed on him, but he was rearrested in May 2014.
21  (*Id.*) Plaintiff was found to have violated his parole, and he was sentenced to 180 days
22  confinement. (*Id.*) Plaintiff's parole was also revoked, and he was to be restored to
23  custody following his 180-day confinement for violating his parole. (*Id.*)

24          Plaintiff argues that this punishment violates the provision against double jeopardy,
25  and it is an excessive sanction in violation of the Eighth Amendment. (*Id.* at 4-5.)
26  Furthermore, Plaintiff's good time credits were not restored after he spent six months
27  without getting a write-up. (*Id.* at 5.) Plaintiff should have been released in 2016, but he
28  continues to be held in prison against his will and he is now told that he will be released

1   in 2021. (*Id.* at 6.) Plaintiff claims that this violates his right to due process under the

2   Fourteenth Amendment. (*Id.*)

3       In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order

4   to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for

5   other harm caused by actions whose unlawfulness would render a conviction or sentence

6   invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed

7   on direct appeal, expunged by executive order, declared invalid by a state tribunal

8   authorized to make such determination, or called into question by a federal court's

9   issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. "A claim for

10  damages bearing that relationship to a conviction or sentence that has not been . . .

11  invalidated is not cognizable under § 1983." *Id.* at 487. "Thus, when a state prisoner seeks

12  damages in a § 1983 suit, the district court must consider whether a judgment in favor of

13  the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would,

14  the complaint must be dismissed unless the plaintiff can demonstrate that the conviction

15  or sentence has already been invalidated." *Id.*

16      Plaintiff argues that his sentence following his parole revocation was improper. Any

17  finding in Plaintiff's favor would invalidate his sentence, and, as such, Plaintiff's claim is

18  barred unless his sentence has been invalidated. Plaintiff does not allege that his

19  sentence has been invalidated; to the contrary, Plaintiff alleges that he remains

20  imprisoned due to the allegedly improper sentence. As such, Plaintiff's § 1983 claim is

21  not cognizable, and the Court dismisses Plaintiff's claims without prejudice but without

22  leave to amend.  The Court also denies Plaintiff's application to proceed *in forma pauperis*

23  (ECF No. 4) as moot.

24  **III.   CONCLUSION**

25      For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in*

26  *forma pauperis* (ECF No. 4) is denied as moot.

27      The Clerk of the Court is directed to file the complaint (ECF No. 1-1) and send

28  Plaintiff a courtesy copy of the complaint.

4

It is further ordered that the complaint is dismissed in its entirety without prejudice and without leave to amend.

It is further ordered that the Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

The Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED THIS 1st Day of March 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE